JUDGE TORRES

**14 CV 9553**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED

2014 DEC -2 P 1:59

U S DISTRICT COURT SDNY

---

KATHLEEN PEREZ,

                              Plaintiff,

              -against-

NEW YORK CITY DEPARTMENT/BOARD OF
EDUCATION, OMOTAYO CINEUS, PRINCIPAL
OF M.S. 72Q, BETINA
SEVERIN, ASSISTANT PRINCIPAL OF M.S.
72Q; STEVEN TRAVERSIERE, ASSISTANT
PRINCIPAL OF M.S. 72Q,

                              Defendants.

---

**COMPLAINT**

__ Civ. __

JURY TRIAL DEMANDED



RECEIVED
DEC 02 2014
U.S.D.C. S.D.N.Y.
CASHIERS

---

Plaintiff **KATHLEEN PEREZ**, by and through her attorneys GLASS KRAKOWER

LLP, as and for her Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff Kathleen Perez brings this action to remedy ongoing sexual and racial

harassment at Plaintiff's place of work, a New York City public school.

2.      Plaintiff has been subjected to a campaign of outrageous and abusive remarks,

threats, and assaults by students based on her sex/gender (female) and race (Caucasian).

3.      Defendants have refused to take any meaningful action to prevent or correct such

sexual and/or racial hostile work environment towards Plaintiff.

4.      Defendants have failed to develop or implement any effective policies for

reporting and remedying such harassment.

1

5.      Plaintiff repeatedly has reported the issue of harassment to the attention of Defendants and attempted to resolve the issue through internal reporting procedures.

6.      Despite these reports, Defendants failed to respond in any meaningful way to Plaintiff's ongoing complaints and concerns about sexual and/or racial harassment by students, which led to physical, mental, and/or emotional injuries to Plaintiff.

7.      In fact, Defendants have refused to take any meaningful corrective action in response to Plaintiff's repeated complaints.

8.      Plaintiff therefore brings this action to remedy unlawful employment discrimination on the basis of sex/gender and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981; Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681 et seq., the New York State Human Rights Law, N.Y. Exec Law § 296, and the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 et seq.

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and Title IX of the Education Amendments of 1972 ("Title IX"), all of which are federal statutes.

10.     As to claims under New York State and City law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and

Defendants' headquarters are in this District, and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

12.     Plaintiff Kathleen Perez is a resident of the State of New York.

13.     At all times relevant herein, Defendant New York City Department/Board of Education ("DOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law.  *See* NY Educ. Law Section 2590 *et seq.*

14.     At all times relevant herein, Defendant Omotayo Cineus was the principal of M.S. 72Q in Queens, New York, a school within the New York City Department of Education.

15.     At all times relevant herein, Defendant Betina Severin was an assistant principal of M.S. 72Q in Queens, New York, a school within the New York City Department of Education.

16.     At all times relevant herein, Defendant Steven Traversiere was an assistant principal of M.S. 72Q in Queens, New York, a school within the New York City Department of Education.

17.     At all times relevant herein, Rhonda Rojas and Ronine Bartley were deans at M.S. 72Q in Queens, New York, a school within the New York City Department of Education.

18.     Upon information and belief, the individuals named in paragraphs 14-17 are African-American or black.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a tenured middle school reading teacher employed by the New York City Department/Board of Education, and has been employed as a teacher in various capacities since 1986.

20.     Plaintiff was hired at M.S. 72Q as a tenured reading teacher in September 2011 from the NYCDOE's Absent Teacher Reserve (ATR) pool by Principal Crystal Taylor-Brown.

21.     Since February 2012, Plaintiff has been subjected to repeated and outrageous sexual and racial harassment by students at the school.  Plaintiff has been regularly subjected to verbally abusive sexist and racist remarks, physical threats, and sexual assaults by students.

22.     A series of events regarding student racial and sexual harassment towards Plaintiff took place from February 2012 through October 30, 2013, that created, allowed, and encouraged a severe or pervasive hostile work environment towards Plaintiff.  The administration allowed and repeatedly ignored the reports of student racist and sexist taunts/threats against her, and aided and abetted the students in their behavior, which culminated in the physical injury suffered by Plaintiff on October 30, 2013.

23.     On or about February 4, 2012, a sixth grade student made obscene comments to Plaintiff:  "Ms. Perez is a stripper! Shake those titties! Ms. Perez suck my dick mad hard every night!"  Plaintiff reported these comments to school administration via email, but the complaint was ignored.

24.     On October 4, 2013, an NYCDOE Written Statement Form number 4057728 was completed by Plaintiff during the course of her employment for an incident regarding a student, K.C., in which the student disrupted the classroom by stating "Ms. Perez suck dick."  Another student, L.M., joined in with "K. said you suck dick! It wasn't me. I would have said it to your face like this (girls steps forward toward Ms. Perez) 'YOU SUCK DICK!' Yeah, that's what I would have done. You just don't like me 'cause I'm black. You racist you damn white bitch. C'mon Ms. Perez, let's go. Get up and let's go bitch. Fucking racist bitch. I'm gonna take you out. C'mon, we

4

got a dean right here bitch." This incident was reported to the Assistant Principals and/or the deans, and ultimately Principal Cineus, and no corrective measures were taken.

25.     On October 9, 2013, an NYCDOE Written Statement Form number 4057729 was completed by Plaintiff during the course of her employment for an incident regarding a student, S.J., in which the student disrupted the classroom by stating "I ain't gonna do your shit. Go ahead, do you job, and I do what I wanna do. You write shit down, I write down mad shit on you." As Plaintiff walked behind her chair, the student, S.J., pushed her chair backwards pinning Plaintiff between her chair and another students' chair. For the rest of the class, S.J. would put maxi pads covered in red ink all around the room and had the wrappers for the maxi pads under her table. This incident was reported to the Assistant Principals and/or the deans, and ultimately Principal Cineus, and no corrective measures were taken.

26.     On October 16, 2013, an NYCDOE Written Statement Form number 4087330 was completed by Plaintiff during the course of her employment for an incident regarding a female student, S.J., in which the student disrupted the classroom by stating "How can you hate black people and the principal is black? Damn racist teachers need to keep they ass in white schools. Why you hate black people and you in a black school? All's I did was ask you a questions and you write that down? You buggin! You crazy! You can write all you want, I am on this bitch in a month -226, yeah!" An intruder came to the door a student had opened. As Plaintiff went to close the door, S.J. yelled to the intruder: "Push the door in her face! Push it in her face! She told I., another student, that he should have told her to "Sit on his face like I told you." The student further told Plaintiff that she was going to go to Principal Cineus and get her fired. She was going to tell Principal Cineus "mad shit and get her the fuck out." She then stated "you can put my name on that bitch and I'll fuck you up." S.J. then pulled out a perfume bottle

and began spraying it on other students.  When Ms. Perez went over to correct the problem, the student S.J. sprayed perfume in Plaintiff's eyes, mouth and nose.  This incident was reported to the Assistant Principals and/or the deans, and ultimately Principal Cineus, and no corrective measures were taken.

27.     After Plaintiff ran out of NYCDOE Written Statement Forms to report student misbehavior, she requested additional forms from the administration's office and was refused official forms by administration and was told that she was using too many of these forms.

28.     Plaintiff also completed multiple Safety/Discipline Report Forms for other students who tortured Plaintiff with degrading racist comments, frequently commented on Plaintiff's sexuality and sexually harassed Plaintiff, and frequently threatened physical violence against Ms. Perez.  All of these incidents were documented in the Safety/Discipline Report Forms, and the deans, the assistant principals, and the principal ignored Plaintiff's reports and created, allowed, and/or encouraged a severe or pervasive hostile work environment towards Plaintiff filled with racist and sexist taunts/threats.

29.     On or about October 29, 2013, Plaintiff wrote an email to Principal Cineus outlining in detail several student incidents that occurred the day prior, including an incident where she was physically threatened by 6 students as she left work and went to her car.  In response, Principal Cineus called Plaintiff into her office and inquired about the situation.  After hearing the complaints of racist and sexual harassment and torture by the students that had been taking place over the past month, Principal Cineus insinuated that the students could not know what racism was and that they "didn't mean anything when they called you a white bitch."  Principal Cineus thereby created, allowed, encouraged and failed to prevent the severe or pervasive hostile work environment

towards Plaintiff in violation of NYS Executive Law sections 291 and 296 and NYC Human Rights Law.

30.      Plaintiff applied for a hardship transfer out of the school after the October 16, 2013 incident, and was denied a transfer by the school administration.

31.      Despite repeated complaints, Defendants allowed the violent students to become and remain a danger to Plaintiff, the teacher in the classroom, and to other students despite repeated requests to remove the misbehaving students.

32.      Defendants failed to protect Plaintiff and the peaceful students from physical harm within the classroom.

33.      Defendants failed to act upon Plaintiff's repeated requests to intervene and act in order to defuse the dangers posed by the misbehaving students.

34.      Defendants repeatedly assured Plaintiff that there was no physical danger to her and made her to rely upon the school's representations.

35.      Because Defendants refused to address the issue of hostile work environment harassment towards Plaintiff, Plaintiff regularly endured lewd, vulgar, offensive, and abusive remarks.

36.      Because Defendants refused to address the issue of hostile work environment harassment, Plaintiff regularly endured threats of violence.

37.      Plaintiff was injured in the classroom a second time on October 30, 2013, and was forced to take a second line of duty injury (LODI) leave from the NYCDOE.

38.      The day before Plaintiff was injured a second time, Plaintiff raised safety and harassment concerns with the school administration.   Principal Cineus questioned whether

Plaintiff was "culturally relevant" as a white person after Plaintiff complained that she was being called by the students "white bitch, whore, and/or cockroach".

39.     When Plaintiff sought to return from her line of duty injury in March 2014, she was told by DOE Medical doctors that she was fit and was going to have to return to M.S. 72Q.

40.     Fearing for her personal safety, Plaintiff sought assistance from a New York state assemblyman, who contacted the DOE on her behalf, which finally caused the NYCDOE to act.

41.     Plaintiff has since been assigned to Absent Teacher Reserve (ATR) status without a specific permanent position since March 2014.  Plaintiff has been rotating in the ATR pool since September 2014.

42.     Since being reassigned as an ATR, Plaintiff has lost income for per session and professional development activities, which she had done in the past.

43.     Plaintiff also has suffered severe emotional and psychological distress, including Post Traumatic Stress Disorder (PTSD), as a result of the ongoing hostile sexual and racial harassment and abuse.

44.     Plaintiff also sought to address the hostile work environment by trying to make several complaints to the NYCDOE's Office of Equal Opportunity ("OEO") seeking help on or about June 2014, but was rebuffed and was told that by OEO that it does not deal with student harassment.  Plaintiff was not given any alternative by the NYCDOE to file her complaints elsewhere.

45.     Since Plaintiff returned to the DOE in March 2014, Plaintiff discovered that her computer emails and files had been deleted from her official NYCDOE email account, after, upon information and belief, Plaintiff filed a Notice of Claim regarding her injuries.

46.     Plaintiff dually filed a complaint with the EEOC and SDHR alleging race and sex discrimination on or about May 9, 2014.   Plaintiff requested an administrative convenience dismissal, and received a right to sue letter from the EEOC on October 3, 2014.   A copy of the right to sue letter is annexed as Exhibit A.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of Title VII – Sex/Gender Discrimination)

47.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

48.     The repeated incidents of verbal abuse, sexual remarks, threats, and assaults against Plaintiff constitute a hostile work environment which Plaintiff has suffered because of her sex/gender.

49.     Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected by alerting administration both by written and verbal complaints.

50.     Defendants discriminated against Plaintiff on the basis of her sex by refusing to take any meaningful action to address these complaints and alleviate the hostile work environment to which Plaintiff has been subjected.

51.     Defendants, through the aforementioned conduct, have violated Title VII, 42 U.S.C. §§ 2000e et seq., by discriminating against Plaintiff on the basis of her sex/gender.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of Title IX – Discrimination Based on Sex/Gender)

52.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53.     Defendants, through the aforementioned conduct, have violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., by discriminating against Plaintiff on the basis of her sex/gender.

### THIRD CLAIM FOR RELIEF

**(Individual Claims for Violation of New York State Human Rights Law – Discrimination Based on Sex/Gender)**

54.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

55.     Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., by discriminating against Plaintiff on the basis of her sex/gender.

### FOURTH CLAIM FOR RELIEF

**(Individual Claims for Violation of New York City Human Rights Law – Discrimination Based on Sex/Gender)**

56.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

57.     Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 et seq., by discriminating against Plaintiff on the basis of her sex/gender.

### FIFTH CLAIM FOR RELIEF

**(Individual Claims for Violation of Title VII – Racial Discrimination)**

58.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

59.     The repeated incidents of verbal abuse, sexual remarks, threats, and assaults against Plaintiff by students of color constitute a hostile work environment which Plaintiff has suffered because of her race (Caucasian).

60.     Plaintiff has repeatedly objected to the hostile work environment to which she has been subjected, but her complaints have been ignored by the school principal and other administrators.

61.     Defendants discriminated against Plaintiff on the basis of her race by refusing to take any action to alleviate the hostile work environment to which Plaintiff has been subjected.

62.     Defendants, through the aforementioned conduct, have violated Title VII, 42 U.S.C. §§ 2000e et seq., by discriminating against Plaintiff on the basis of her race.

## SIXTH CLAIM FOR RELIEF

**(Individual Claims for Violation of 42 U.S.C. Section 1981– Discrimination Based on Race)**

63.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64.     Defendants, through the aforementioned conduct, have violated 42 U.S.C. Section 1981 by discriminating against Plaintiff on the basis of her race.

## SEVENTH CLAIM FOR RELIEF

**(Individual Claims for Violation of New York State Human Rights Law – Discrimination Based on Race)**

65.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

66.     Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., by discriminating against Plaintiff on the basis of her race.

## EIGHTH CLAIM FOR RELIEF

### (Individual Claims for Violation of New York City Human Rights Law – Discrimination Based on Race)

67.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

68.     Defendants, through the aforementioned conduct, have violated the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 et seq., by discriminating against Plaintiff on the basis of her race.

## JURY DEMAND

Plaintiffs demand a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendants are in violation of Title VII;

B.     A declaratory judgment that Defendants are in violation of Title IX;

C.     A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

D.     A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

E.     Enjoining Defendants from engaging in any similar violation;

F.     Awarding Plaintiff compensatory damages pursuant to Title VII, Title IX, the New York State Human Rights Law, and the New York City Human Rights Law;

G.    Awarding equitable relief, including but not limited to requiring Defendants to establish a policy for reporting and remedying sexual harassment of teachers by students;

H.    Awarding Plaintiff costs and reasonable attorneys' fees; and

I.    Such other and further relief as to this Court may deem necessary, just and proper.

Dated:    New York, New York
          November 26, 2014

GLASS KRAKOWER, LLP
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859

By: _____
     Bryan D. Glass, Esq.

13

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathleen M. Perez<br>1690 Westervelt Avenue<br>Baldwin, NY 11510 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2014-03020 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*    October 3, 2014

Enclosures(s)    **Kevin J. Berry,**    (Date Mailed)
**District Director**

cc:

| CITY OF NEW YORK, DEPARTMENT OF<br>EDUCATION<br>Attn: Courtenaye Jackson-Chase, Counsel<br>Office of General Counsel<br>52 Chambers Street, Room 308<br>New York, NY 10007 | Bryan D. Glass, Esq.<br>Glass Krakower, LLP<br>100 Church Street, 8th Floor<br>New York, NY 10007 |
|---|---|