UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
KATHLEEN PEREZ,

                                   Plaintiff,

              -against-

                                **ANSWER**

NEW YORK CITY DEPARTMENT OF EDUCATION,    14 Civ. 9553 (AT)
OMOTAYO CINEUS, BETINA SEVERIN, STEVEWN
TRAVERSIERE

                                Defendants.

------------------------------------------------------------------------ x

        Defendants NEW YORK CITY DEPARTMENT OF EDUCATION, OMOTAYO CINEUS, BETINA SEVERIN, STEVEN[1] TRAVERSIERE, (the "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff, during her employment tenure, has reported incidents of student misbehavior and/or misconduct.

        6.      Deny the allegations set forth in paragraph "6" of the Complaint.

---

[1] Defendants note that individually named defendant Steven Traversiere has been incorrectly identified as "Stevewn Traversiere."

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## JURISDICTION AND VENUE

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that jurisdiction is proper.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that jurisdiction is proper.

11. Paragraph "11" contains legal conclusions to which no response is required. To the extent a response is required, the Defendants respectfully refer the Court to the statutes cited therein.

## THE PARTIES

12. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "12" of the Complaint, except admit that Plaintiff has self-identified as a resident of the State of New York.

13. Paragraph "13" contains legal conclusions to which no response is required. To the extent a response is required, the Defendants respectfully refer the Court to the statutes cited therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Defendant Omatayo Cineus became the principal of M.S. 72Q in September of 2012.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Defendant Betina Severin became an assistant principal of M.S. 72Q in September of 2008.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Defendant Steven Traversiere became an assistant principal of M.S. 72Q in February of 2007.

17.     Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "17" of the Complaint.

18.     Admit the allegations set forth in paragraph "18" of the Complaint to the extent that the individually named defendants have self-identified as Black, and deny knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph "18" of the Complaint.

## FACTUAL ALLEGATIONS

19.      Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff has been employed by the New York City Department of Education since in or around September of 2002.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was assigned to MS 72Q in or around September 2011, and that Crystal Taylor-Brown was the principal of MS 72Q at that time.

21.     Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "21" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

22.     Deny the allegations in paragraph "22" of the Complaint.

23. Deny the allegations in paragraph "23" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

24. Deny the allegations in paragraph "24" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

25. Deny the allegations in paragraph "25" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

26. Deny the allegations in paragraph "26" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

27. Deny the allegations in paragraph "27" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

28. Deny the allegations in paragraph "28" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

29. Deny the allegations in paragraph "29" of the Complaint, except admit that, at various points during plaintiff's assignment to MS 72Q, plaintiff complained of student misbehavior and/or misconduct.

30. Deny the allegations in paragraph "30" of the Complaint, except admit that Plaintiff applied for hardship transfers at various points during her employment, which were denied.

31. Deny the allegations in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint.

33. Deny the allegations in paragraph "33" of the Complaint.

34. Deny the allegations in paragraph "34" of the Complaint.

35. Deny the allegations in paragraph "35" of the Complaint.

36. Deny the allegations in paragraph "36" of the Complaint.

37. Deny the allegations in paragraph "37" of the Complaint, except admit that plaintiff requested, and was granted, a LODI leave of absence which plaintiff requested on or about October 31, 2013.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff was found fit to return to work in or around March of 2014 after being examined by a physician of the Medical Office.

40. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "40" of the Complaint, except deny that defendants failed to take action.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff has been assigned to the Absent Teacher Reserve pool since in or around September of 2014.

42. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "43" of the Complaint, except deny that plaintiff was exposed to a hostile sexual and/or racial environment or abuse.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Admit the allegations set forth in paragraph "46" of the Complaint.

### As and For a Response to Plaintiff's First Cause of Action

47. In response to paragraph "47" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "46" of the Complaint as if set forth fully herein.

48. Paragraph "48" of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, the Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

### As and For a Response to Plaintiff's Second Cause of Action

52. In response to paragraph "52" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "51" of the Complaint as if set forth fully herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

**As and For a Response to Plaintiff's Third Cause of Action**

54. In response to paragraph "54" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "53" of the Complaint as if set forth fully herein.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

**As and For a Response to Plaintiff's Fourth Cause of Action**

56. In response to paragraph "56" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "55" of the Complaint as if set forth fully herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

**As and For a Response to Plaintiff's Fifth Cause of Action**

58. In response to paragraph "58" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "57" of the Complaint as if set forth fully herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

**As and For a Response to Plaintiff's Sixth Cause of Action**

63. In response to paragraph "63" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "62" of the Complaint as if set forth fully herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

**As and For a Response to Plaintiff's Seventh Cause of Action**

65. In response to paragraph "65" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "64" of the Complaint as if set forth fully herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

**As and For a Response to Plaintiff's Eighth Cause of Action**

67. In response to paragraph "67" of the Complaint, the Defendants repeat and re-allege their responses to paragraphs "1" through "66" of the Complaint as if set forth fully herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

**AS AND FOR A FIRST DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

69. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

70. The Defendants had legitimate, non-discriminatory, non-retaliatory business reasons for taking all of the employment acts complained of herein.

**AS AND FOR A THIRD DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

71. Plaintiff's causes of action under the New York State Human Rights Law are barred by her election of administrative remedies.

**AS AND FOR A FOURTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

72. The Court lacks subject matter jurisdiction, in whole or in part, over the Complaint.

**AS AND FOR A FIFTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

73. The Defendants are shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

74. At all times relevant to the Complaint, the Defendants acted lawfully and properly, without malice, and in accord with all relevant laws, rules, by-laws, and regulations.

**AS AND FOR A SIXTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

75. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendants or to otherwise avoid harm.

**AS AND FOR A SEVENTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

76. The Defendants have not adopted any policy, practice or custom violative of Plaintiff's rights.

**AS AND FOR AN EIGHTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

77. Plaintiff's claims are barred by her failure to mitigate damages.

**AS AND FOR A NINTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE:**

78. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A TENTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE**

79.     The Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior.

**AS AND FOR AN ELEVENTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE**

80.     The Defendants did not have knowledge of the alleged actions or inactions by the individual employees of the City of New York, nor was it reasonable for the Defendants to have such knowledge.

**AS AND FOR A TWELFTH DEFENSE**
**THE DEFENDANTS RESPECTFULLY ALLEGE**

81.     The individual defendants are not subject to suit under Title VII, and therefore Plaintiff's claims under Title VII must be dismissed as to defendants Omotayo Cineus, Betina Severin, and Steven Traversiere.

**AS AND FOR A THIRTEENTH DEFENSE,**
**THE DEFENDANTS RESPECTFULLY ALLEGE**

82.     Defendants Omotayo Cineus, Betina Severin, and Steven Traversiere are not an "employer" within the applicable statutes cited in plaintiff's complaint.

**WHEREFORE,** the Defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> Attorney for Defendants
> 100 Church Street, Room 2-193
> New York, New York 10007

By: _____/s/_____
Rachel A. Cartwright
Assistant Corporation Counsel
(212) 356-4083

TO: GLASS KRAKOWER, LLP
Bryan D. Glass
Attorneys for Plaintiff
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859

14 Civ. 9553 (AT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN PEREZ,

                                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, OMOTAYO CINEUS, BETINA SEVERIN, STEVEWN TRAVERSIERE
                                        Defendants.

## ANSWER TO COMPLAINT

### *ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-193*
*New York, New York 10007*

*Of Counsel: Rachel A. Cartwright*
*Tel.: (212) 356-4083*
*Matter No.: 2014-033710*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................ , 20__*

*...................................................................... Esq.*

*Attorney for ................................................................*